UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Charles J. Holley,

      Debtor.

Case No. 12-13088

Hon. John Corbett O'Meara

_____/

CLARENCE BENNETT, and
Oliver Law Group, P.C.,

      Appellants,

v.

CHARLES J. HOLLEY,

      Appellee.

_____/

**ORDER DENYING APPEAL AND AFFIRMING**
**DECISION OF BANKRUPTCY COURT**

Before the court is Clarence Bennett and Oliver Law Group's appeal of a final order entered by the bankruptcy court, pursuant to Fed. R. Bankr. P. 8001 and 11 U.S.C. § 158(a)(1).

**BACKGROUND FACTS**

An adversary proceeding was filed by the debtor, Charles Holley Jr. ("Plaintiff"), against Clarence Bennett and Kresch Oliver PLLC (now the Oliver Law Group; hereinafter "Defendants") on December 2, 2011. The bankruptcy court entered a scheduling order on January 30, 2012, setting a due date for the final pretrial order of March 14, 2012, and the final pretrial conference for March 19, 2012. No representative of Defendants either participated in preparing the final pretrial order or appeared at the pretrial conference. When counsel did not appear on March 19, the bankruptcy court granted Plaintiff's oral motion for default as to

liability. The court entered an order stating that Plaintiff had until March 23, 2012, to file an affidavit and itemization of damages, and that Defendants had until March 30, 2012, to file any objections to Plaintiff's claimed damages.

Plaintiff timely filed an affidavit and itemization of damages – his attorney fees. Defendants did not file timely (or untimely) objections. Rather, on March 30, 2012, Defendants filed a motion to set aside the default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b)(1). Defendants' counsel claims that she "did not attend the hearing because of the dissolution of the Kresch Oliver law firm as well as the shut down and migration of the law firm's computer system." Br. at 9. According to Defendants, the Kresch Oliver law firm decided to dissolve in early February 2012 – a decision that was announced on March 7, 2012. Migration of the computer systems was to begin March 14, "culminating in a total shut down of the computer system on March 23, 2012 until March 28, 2012." Id. at 14. "As a result, Appellant's counsel lost access to the calendar and did not have sufficient notice of hearings and orders." Id.

The bankruptcy court denied Defendants' motion for reconsideration or relief from judgment, finding that defense counsel's neglect was not "excusable" under Fed. R. Civ. P. 60(b)(1). In a separate order, the court awarded Plaintiff $16,837.50 in compensatory damages, but denied Plaintiff's request for $10,000 in punitive damages. The court noted that Defendants "defaulted as to the amount of compensatory damages, by failing to file any timely objection to the amount of damages itemized by Plaintiff." June 1, 2012 Order at 5-6. Plaintiff appeals both the entry of a default judgment and the bankruptcy court's award of damages.

## STANDARD OF REVIEW

"A district court reviewing a bankruptcy court's decision in a 'core proceeding' functions

as an appellate court, applying the standards of review normally applied by federal appellate courts." In re H. J. Scheirich Co., 982 F.2d 945, 949 (6th Cir. 1993). The bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous." Id. at 949. However, a district court reviews the bankruptcy court's conclusions of law *de novo.* In re Lewis, 392 B.R. 308, 310 (E.D. Mich. 2008).

## LAW AND ANALYSIS

In its scheduling order, the bankruptcy court required the parties to submit a joint final pretrial order pursuant to L.B.R. 7016-1. Pursuant to L.B.R. 7016-1(c), "[f]or failure to comply with the requirements of this rule or with the terms of the joint final pretrial order, the court may dismiss claims, enter a default judgment, refuse to permit witnesses to testify or admit exhibits, assess costs and expenses including attorney fees or impose other appropriate sanctions." See also L.R. 16.2(c); Bawle v. Rockwell Int'l Corp., 79 Fed. Appx. 875, 878 (6th Cir. 2003) ("Under the local rule, a district court has broad latitude to impose 'appropriate sanctions' on a party for failing to cooperate in preparing or submitting the joint final pretrial order.").

Here, Defendants failed to participate in preparing the joint final pretrial order, which was due before the "migration" of defense counsel's computer system was to occur. Plaintiff states that he attempted to obtain Defendants' cooperation, but received no response. Defense counsel has provided no explanation for the failure to participate in preparing the joint final pretrial order.

Thereafter, defense counsel failed to appear at the final pretrial conference on March 19, 2012, and failed to file objections to Plaintiff's damages on March 30, 2012 (although Defendants filed a motion to set aside the default on the same date). Defendants' explanation for

these failures – the dissolution of counsel's firm and the shut down of its computer system – does not constitute excusable neglect under these circumstances. Defendants do not suggest that steps were taken to properly manage the transition between firms or to be attentive to the court's scheduling order, despite the fact that the deadlines were known well before. Defendants' assertion that a <u>planned</u> shutdown of counsel's computer system should absolve counsel of preparing the joint final pretrial order and attending the final pretrial conference does not carry the day. This is the type of "clerical or office problem" that is insufficient to establish excusable neglect. <u>See</u> <u>In re Schultz</u>, 254 B.R. 149, 153-54 (6th Cir. B.A.P. 2000) (distinguishing clerical or office problems from illness of attorney or spouse).

Under the circumstances of this case, the court cannot conclude that the bankruptcy court abused its discretion in sanctioning Defendants through the entry of a default. <u>See</u> <u>Bawle</u>, 79 Fed. Appx. at 878  (sanctions under Local Rule 16.2(c) receives abuse-of-discretion review). Nor can the court conclude that the bankruptcy court erred in awarding Plaintiff damages (attorney fees), particularly in light of the fact that Defendants failed to file any objection, thus waiving their opportunity to contest those issues on appeal.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the decisions of the bankruptcy court are AFFIRMED.

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date:  March 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 4, 2013, using the ECF system.

                                                    s/William Barkholz
                                                    Case Manager